**IT IS ORDERED as set forth below:**



**Date: October 14, 2020**

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 18-71778-WLH |
| | ) | |
| STEPHEN D. KING, | ) | CHAPTER 11 |
| | ) | |
| | ) | JUDGE WENDY L. HAGENAU |
| Debtor. | ) | |
| | ) | |
| STEPHEN D. KING, | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | ADVERSARY PROCEEDING |
| | ) | |
| DAN SKOLNESS, et al., | ) | NO. 19-05026-WLH |
| | ) | |
| Defendants. | ) | |

**ORDER SUSTAINING DEBTOR'S OBJECTION TO THE DECLARATION OF JOSEPH F. MAHONEY IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Plaintiff's "Objection To The Declaration Of Joseph F. Mahoney In Opposition To Plaintiff's Motion For Summary Judgment" ("Objection")

1

[Doc. 49].[1] The "Declaration Of Joseph F. Mahoney In Opposition To Plaintiff's Motion For Summary Judgment" ("First JFM Declaration") [Doc. 39-13] was filed by the Defendants (the "Minnesota Parties") in opposition to Plaintiffs' "Motion for Summary Judgment." [Doc. 36]. The First JFM Declaration attaches certain Wells Fargo bank statements relating to Wits Basin, a company with which Plaintiff was affiliated, and Mr. Mahoney purports to conduct an analysis of these statements in the form of a spreadsheet to reflect the use of funds provided by the Minnesota Parties. The Objection asks the Court to disregard and strike paragraphs 7, 8, 9, and 11 of the First JFM Declaration, as well as the attached spreadsheet. The matter came before the Court for hearing on August 25, 2020 at which the Plaintiff was represented by his attorneys Benjamin Keck and David Klein and the Minnesota Parties were represented by Phillip J. Ashfield and Bradley Wolff. At the hearing, the Minnesota Parties' counsel did not object to the striking of the spreadsheet.

Through the Objection and during the hearing, Plaintiffs argue that the identified portions of the First JFM Declaration should not be considered by this Court for three reasons: (i) the spreadsheet created by Mr. Mahoney misrepresents to the Court the actual information contained in the Wells Fargo Bank statements for Wits Basin, (ii) Joseph Mahoney was not disclosed as a potential witness in this adversary proceeding or in previous litigation between the parties, and (iii) Mr. Mahoney's testimony is an improper attempt to admit undisclosed and unsubstantiated expert testimony. After considering the arguments of the parties, the Objection is sustained.

Motions for summary judgment are governed by Fed. R. Civ. P. 56, made applicable in adversary proceedings by Fed. R. Bankr. P. 7056. "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

---

[1] A Suggestion of Death was filed on September 21, 2020 after this matter was fully briefed and argued.

2

Fed. R. Civ. P. 56(c)(4). An affidavit or declaration based on anything less than personal knowledge is insufficient. Pace v. Capobianco, 283 F.3d 1275, 1278 (11th Cir. 2002) (citing Stewart v. Booker T. Washington Ins., 232 F.3d 844, 851 (11th Cir. 2000). "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Furthermore, "the court may consider any admissible facts and disregard any inadmissible statements occurring in the same affidavit." Devan v. Zamoiski Southeast, Inc. (In re Merry Go Round Enter., Inc.), 272 B.R. 140, 145 (Bankr. D. Md. 2000); see also Peterson v. Board of Trustees of the Univ. of Ala., 644 Fed. Appx. 951, 954 (11th Cir. 2016).

In the First JFM Declaration, Mr. Mahoney states he has personal knowledge of the facts contained in his declaration. [Doc. 39-13 ¶ 4]. This comes from his having been provided copies of the Wells Fargo Bank documents for Wits Basin for the years 2012-15 and reviewing them, along with the promissory notes, subscription agreements, and other financial documents provided by the Minnesota Parties. [Doc. 39-13 ¶ 5-6]. This information is reportedly "tracked" in a spreadsheet. [Doc. 39-13 ¶ 9, at 3-6]. The spreadsheet is attached, along with the bank records used to create the spreadsheet, to his first declaration [Doc. 39-13 at 3-6, 6-106].

The spreadsheet created by Mr. Mahoney shows only three categories of transactions: transfers into Wits Basin by a Minnesota Party, and payments out to one of two entities affiliated with Plaintiff. The amount of transfers into Wits Basin by the Minnesota Parties totals $1,185,000 according to the spreadsheet, and the amount paid out to the affiliated entities was nearly identical. The spreadsheet, however, omits two additional categories of transactions: (i) approximately $2,059,990 in transfers into Wits Basin made by investors other than the Minnesota Parties during this same time period, and (ii) approximately $2,000,000 in expenses paid by Wits Basin to entities unaffiliated with the Plaintiff. These transactions are reflected in

the bank statements attached to Mr. Mahoney's declaration but are not mentioned in Mr. Mahoney's analysis. No explanation for their omission is included.

The clear implication of the spreadsheet and the relevant paragraphs in the First JFM Declaration is that the money paid into Wits Basin by the Minnesota Parties was directly spent by Plaintiff for his own purposes. Mr. Mahoney gives no explanation supporting why this implication is credible; he merely states that he "tracked each check or wire from the date of deposit and matched them with the corresponding" bank statement and subsequently "tracked the expenditures from Wits Basin" to Plaintiff-affiliated enitites. [Doc. 39-13 ¶ 7-8]. This repeated use of the word "tracked," along with the side-by-side presentation of the tallies in the spreadsheet and the nearly exact amounts therein, suggest that Mr. Mahoney has demonstrated a direct relationship between the monies involved. This in turn suggests Mr. Mahoney used expert skill in the field of forensic accounting to demonstrate this relationship. Mr. Mahoney, however, does not claim to be a forensic accountant, nor do the Minnesota Parties present him as such.

Moreover, the spreadsheet is not admissible as a summary or demonstrative aid. Fed. R. Evid. 1006 allows the admission of a summary "to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." To do so, "it is necessary to establish that the underlying documents would have been admissible if the proponent had sought their admission." George Russell Curtis, Sr. Living Tr. v. Perkins (In re Int'l Mgmt. Assocs., LLC), 781 F.3d 1262, 1266 (11th Cir. 2015). Even if the underlying documents are admissible, the Court must determine whether the summary evidence is being submitted to "prove the content" of voluminous evidence. Fed. R. Evid. 1006. When the item submitted does not merely summarize, but instead attempts to present conclusions about the underlying documents, it is inadmissible under Fed. R. Evid. 1006. Fed. Trade Comm'n v. Am. Precious Metals, LLC, 726 F. App'x 729, 732–33 (11th Cir. 2018) (holding Fed. R. Evid. 1006

4

did not apply even though a declaration filed was based upon a review of bank records, because the declaration presented expert conclusions to the district court in the form of a tracing analysis and thus was not offered to "prove the content" of those bank records). Moreover, under Fed. R. Evid. 611(a) the Court retains control over the mode of presenting evidence to ensure it is "effective for determining the truth" and "avoid[s] wasting time."

Mr. Mahoney's spreadsheet, even if based on admissible documents, does not prove the content of those documents. Instead, it presents cherry picked information from those documents to present a conclusion about where the money included therein was spent. Because Mr. Mahoney's testimony would require expertise to have the value it purports to have, the Court finds the spreadsheet an ineffective method for determining the truth of the evidence presented as well as highly prejudicial to the Plaintiff. See Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc., 389 F.3d at 1353.

For the foregoing reasons, Debtor's Objection to paragraphs 7, 8, 9, and 11 of the Declaration, as well as the spreadsheet attached thereto, is SUSTAINED.

### ### END OF ORDER ###

**DISTRIBUTION LIST**

**Phillip J. Ashfield**
Stinson LLP
50 South Sixth Street
Suite 2600
Minneapolis, MN 55402

**Bradley S. Wolff**
Swift Currie McGhee & Hiers
Suite 300
1355 Peachtree Steet, N.E.
Atlanta, GA 30309-3231

**David S. Klein**
Rountree Leitman & Klein, LLC
Century Plaza I, Suite 175
2987 Clairmont Road
Atlanta, GA 30329

**William A. Rountree**
Rountree Leitman & Klein, LLC
Century Plaza I, Suite 175
2987 Clairmont Road
Atlanta, GA 30329