[Doc. 50].[1] The "Second Declaration Of Joseph F. Mahoney In Opposition To Plaintiff's Motion For Summary Judgment" ("Second JFM Declaration") [Doc. 39-14] was filed by the Defendants (the "Minnesota Parties") in opposition to Plaintiffs' "Motion for Summary Judgment." [Doc. 36]. The Second JFM Declaration attaches, in relevant part, certain affidavits which were filed in a previous Minnesota state court action between Defendants and Corporate Resource Management, Inc. ("CRM"), a corporation owned by Plaintiff's wife. The Objection asks the Court to disregard and strike paragraphs 8, 12, and 13 and accompanying exhibits D, H, and I of the Second JFM Declaration. The matter came before the Court for hearing on August 25, 2020 at which the Plaintiff was represented by his attorneys Benjamin Keck and David Klein and the Minnesota Parties were represented by Phillip J. Ashfield and Bradley Wolff. At the hearing, counsel for the Minnesota Parties stated he had no response to the Objection.

Plaintiff argues the objectionable documents should be excluded for the following reasons: (i) Mr. Mahoney's declaration is based on hearsay, attempting to introduce documents in the record to prove the truth of the matter asserted within them, (ii) the documents in question have not been properly authenticated under Federal Rule of Evidence 901(a), and (iii) the documents are not relevant to this action. After considering the arguments of the parties, the Objection is sustained.

Motions for summary judgment are governed by Fed. R. Civ. P. 56, made applicable in adversary proceedings by Fed. R. Bankr. P. 7056. "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). An affidavit or declaration based on anything less than personal knowledge is insufficient. Pace v. Capobianco, 283 F.3d 1275, 1278 (11th Cir. 2002) (citing

---

[1] A Suggestion of Death was filed on September 21, 2020 after this matter was fully briefed and argued.

2

Stewart v. Booker T. Washington Ins., 232 F.3d 844, 851 (11th Cir. 2000). "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Furthermore, "the court may consider any admissible facts and disregard any inadmissible statements occurring in the same affidavit." Devan v. Zamoiski Southeast, Inc. (In re Merry Go Round Enter., Inc.), 272 B.R. 140, 145 (Bankr. D. Md. 2000); see also Peterson v. Board of Trustees of the Univ. of Ala., 644 Fed. Appx. 951, 954 (11th Cir. 2016).

The Second JFM Declaration consists of a brief statement explaining that Mr. Mahoney works for the Minnesota Parties' counsel and has "personal knowledge of the facts contained" in the declaration. [Doc. 39-14 ¶ 1-4]. The remainder of the Second JFM Declaration states that 19 separate court and litigation documents from various previous state court actions are attached, without explanation other than that each is a "true and genuine copy" and the name of the document. [Doc. 39-14 ¶ 5-23].

The objected to documents are an affidavit by Mark Dacko, CFO of Wits Basin from 2013-16 [Doc 39-14 at 45, Ex. D]; an affidavit by Molly Burns, an employee of the Minnesota Parties' counsel, creating QuickBooks income statements for Wits Basin and CRM [Doc 39-14 at 74, Ex. H]; and an affidavit by Joseph F. Mahoney and providing tax returns of CRM [Doc 39-14 at 102, Ex. I]. The Court will discuss the authenticity, admissibility, and/or relevance of each.

The first affidavit is that of Mark Dacko, the former CFO of Wits Basin. The Court notes that another affidavit from Mark Dacko, discussing much of the same information, was filed in this adversary proceeding. [Doc. 39-15]. Given that a more recent affidavit from Mark Dacko was filed directly with the Court in this matter, admitting the older Minnesota affidavit would needlessly present cumulative evidence. See Fed. R. Evid. 403. Therefore, the objection to the Mark Dacko affidavit is sustained.

3

The next affidavit is that of Molly Burns, a support staff assistant with the Minnesota Parties' counsel's law firm. Her affidavit presents QuickBooks income statements for Wits Basin and CRM which were created by Ms. Burns. To admit this affidavit, the Second JFM Declaration states "[a]ttached as Exhibit H is a true and genuine copy of Molly Burns' Affidavit in the CRM Action." [Doc. 39-14 ¶ 12]. Presumably, Mr. Mahoney is therefore seeking to authenticate this affidavit by verifying, as an employee of the Minnesota Parties' counsel's firm, that this affidavit was in fact the affidavit filed in the Minnesota state court. The first question is whether the Burns affidavit has been authenticated. The means of authentication are set out in Fed. R. Evid. 901 and 902. The usual way to authenticate pleadings in another court is by submitting a certified copy of the pleading. Fed. R. Evid. 902(4). Other means of authentication are possible, and only examples of means of authentication are listed in Fed. R. Evid. 901. One means of authentication is if a witness with knowledge testifies that the item is what it purports to be. Here, Mr. Mahoney testifies that the affidavit is a true and correct copy of what is filed in the Minnesota state court. The Debtor does not contest that fact.

During the hearing, the Minnesota Parties' counsel raised the possibility that the affidavits could be admitted through judicial notice. The Court may take judicial notice of a fact "that is not subject to reasonable dispute" because it is "generally known within the trial court's territorial jurisdiction, or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court notes that under Fed. R. Evid. 201, "[j]udicial notice of court records is ordinarily confined to determining what happened in the course of a proceeding—when a plaintiff filed a complaint, what claims were argued and adjudicated, and so on." Kerruish v. Essex Holdings, Inc., 777 F. App'x 285, 293–94 (11th Cir. 2019) (citing Coney v. Smith, 738 F.2d 1199, 1199–200 (11th Cir. 1984)). The Eleventh Circuit has found "no authority for the proposition that we may take judicial notice of an affidavit never

4

made part of the district court record and rely on it to reverse a grant of summary judgment. . . . we see hearsay problems lurking were we to do so." Kerruish, 777 F. App'x at 94.

In this case, it seems the Minnesota Parties have submitted the Burns affidavit for the Court to consider her testimony, not just the fact the affidavit was submitted in a Minnesota Court. There is no significance in this case to the fact that Ms. Burns filed an affidavit in a Minnesota state court case. So, while the fact an affidavit was filed is not subject to dispute, its substance is very much disputed. Further, the Minnesota state court is not within the Court's territorial jurisdiction. Judicial notice is not appropriate in this circumstance.

If authenticated, the Court must assess the admissibility of the Burns affidavit itself, which contains QuickBooks reports created by Ms. Burns and allegedly based on bank records from CRM and Wits Basin. [Doc. 39-14 at 74, Ex. H ¶ 3-7] Affidavits "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R.Civ. P. 56(c)(4). Molly Burns, who has not submitted an affidavit herself to this Court, is not an employee of either CRM or Wits Basin but rather the Minnesota Parties' law firm. Nothing in the affidavit suggests she had sufficient personal knowledge to verify the records used to create the QuickBooks reports were accurate or authentic. To the contrary, her affidavit states she did not have the backup she would usually have to create such spreadsheets. Mr. Mahoney, whose declaration attempts to admit the QuickBooks reports third-hand, does not have personal knowledge either. Because the information contained in the Molly Burns affidavit cannot be verified through her or the personal knowledge of Mr. Mahoney, the declarant, the affidavit cannot be admitted. Moreover, the creation of an income statement is not a task usually associated with a law firm's support staff. To create an income statement from bank records requires a level of forensic expertise. Ms.

5

Burns is not identified as an expert and does not possess the qualifications to provide the expert testimony offered. Plaintiff's objection to the Burns affidavit is sustained.

The last affidavit to which Plaintiff objects is that of Mr. Mahoney. It is certainly odd to have a declarant swear to the authenticity of an affidavit the declarant filed in another case. This is particularly true where the filing of the prior affidavit has no significance in this case. As discussed above, judicial notice is not available here. Even if the Court accepts the authenticity of the affidavit filed in the Minnesota court, the declarant lacks personal knowledge to establish the authenticity of the tax returns attached to the affidavit, identified as four tax returns filed by CRM and two filed by Plaintiff and his wife. Mr. Mahoney did not file any of the attached tax returns, did not prepare the returns, and did not work for the entities which filed the tax returns. While he may state that the documents were presented to the firm for which he works, he lacks the requisite personal knowledge necessary to verify the information attached to the affidavit. As such, the affidavit cannot be admitted. Plaintiff's objection to the last affidavit is also sustained.

For the foregoing reasons, Debtor's Objection to the Declaration is SUSTAINED.

### ### END OF ORDER ###

**DISTRIBUTION LIST**

**Phillip J. Ashfield**
Stinson LLP
50 South Sixth Street
Suite 2600
Minneapolis, MN 55402

**Bradley S. Wolff**
Swift Currie McGhee & Hiers
Suite 300
1355 Peachtree Steet, N.E.
Atlanta, GA 30309-3231

**David S. Klein**
Rountree Leitman & Klein, LLC
Century Plaza I, Suite 175
2987 Clairmont Road
Atlanta, GA 30329

**William A. Rountree**
Rountree Leitman & Klein, LLC
Century Plaza I, Suite 175
2987 Clairmont Road
Atlanta, GA 30329